# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
### 1:13-cv-117-RJC

| | |
|---|---|
| HAIBER V. MONTEHERMOSO, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| ROBERT LEWIS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1915A(a).

## I. BACKGROUND

According to the website of the North Carolina Department of Public Safety, Plaintiff is an inmate housed in Sampson Correctional Institution following his conviction for trafficking more than 400 grams of cocaine. Plaintiff's projected release date is August 19, 2015.

In his complaint, Plaintiff argues that his due process rights have been violated based on the flawed hearing procedures which preceded his confinement to segregation. Plaintiff contends, among other things, that he was prevented from presenting witnesses during a disciplinary hearing because of his race, and that he was provided insufficient notice of the hearing. (Doc. No. 1 at 8). Because of these inadequate hearing procedures, Plaintiff asserts a number of resulting injuries, including the loss of good-time credits, a prison job, and visitation, and the receipt of 60 days in segregation. (Id. at 8-9).

In his prayer for relief, Plaintiff seeks to recover what he claims to have been deprived of following the hearing, e.g., good time credits, prison job, visitation, and for a change in prison

1

policy regarding the hearing procedures which should be followed before a prisoner can be confined to segregation. (Id. at 9).

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Section 28 provides, in pertinent part, that in conducting this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To this end, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), however, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Section 1983 provides a remedy where a person acting under color of state law deprives a plaintiff of a right secured by federal law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a claim under Section 1983).

## III. DISCUSSION

In addition to the level of scrutiny provided for under § 1915(b)(1), the Court is bound to dismiss a complaint brought by a prisoner under § 1983, if that prisoner has had three previous §

1983 complaints dismissed under § 1915(b)(1). Specifically,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). See, e.g., Tolbert v. Stevenson, 635 F.3d 646, 650 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 407-10 (4th Cir. 2006).

The Court notes that Plaintiff has had three (3) prior Section 1983 complaints dismissed in this district. See Montehermoso v. N.C. Dept. of Corr., et al., No. 3:08-cv-592 (W.D.N.C. Dec. 19, 2008) (dismissing complaint for failure to state a claim); Montehermoso v. Hudson, No. 1:09-cv-338-GCM (W.D.N.C. Sept. 1, 2009) (dismissing case for failure to state a claim, or in the alternative, for filing outside the statute of limitations); Montehermoso v. Hudson, No. 1:10-cv-80-GCM (W.D.N.C. May 3, 2010) (dismissing case which raised the identical claims as in Case No. 1:09-cv-338, and noting that this dismissal was likely Plaintiff's third strike).[1] Plaintiff did not appeal from any of these orders of dismissal and the orders have long been final.

In the present complaint, Plaintiff raises no allegations that he "is under imminent danger of physical injury" therefore he was bound to pay the full filing fee before he filed this complaint. The Court will therefore dismiss Plaintiff's complaint without prejudice to his ability to re-file the complaint and submit the full filing fee. See Green, 454 F.3d at 406-07 (noting the requirement that a prisoner must tender "pre-payment in full of all filing fees if the plaintiff-

---

[1] The Court finds that as Plaintiff's complaint in 1:09-cv-338 was dismissed for failure to state a claim, and the complaint in 1:10-cv-80 raised the same allegations which had already been found subject to dismissal on initial review, the dismissal on grounds of res judicata necessarily encompasses a finding that Plaintiff, again, failed to state a claim for relief.

prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claims for which relief may be granted . . .").

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** without prejudice under the provisions of 28 U.S.C. § 1915(g). The Clerk of Court is respectfully directed to close this case.

Signed: June 18, 2013

Robert J. Conrad, Jr.
United States District Judge